IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

E-FILED
Thursday, 23 August, 2007  02:53:07 PM
Clerk, U.S. District Court, ILCD

FILED
JUN 2 5 2007
JUN 25, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. DAVID CARTER, ) ) ) | |
| Petitioner, ) ) | |
| vs. ) ) | No. 07 C 1758 |
| TERRY L. MCCANN, Warden, ) ) | Honorable Harry D. Leinenweber, |
| Respondent, ) | Judge Presiding |

### NOTICE OF FILING

TO:  Attorney General of Illinois
     Office of the Attorney General of Illinois
     100 West Randolph Street, 12th Floor
     Chicago, Illinois  60601

   **PLEASE TAKE NOTICE** that on June 19, 2007, I have caused to be filed the requisite number of copies and original of my pro se REQUEST TO RESCIND COURT ORDERED TRANSFER OF CASE with the Clerk of the U.S. District Court, U.S. Courthouse, 219 S. Dearborn St., Chicago, IL 60604, a copy of which is hereby served upon you.

                        Respectfully submitted,

                        _____
                        David Carter N-43429
                        Stateville Correctional Ctr.
                        Post Office Box 112
                        Joliet, IL  60434-0112

### CERTIFICATE OF SERVICE

   I, **DAVID CARTER**, do hereby certify that I have caused to be served on the party listed-above the requisite number of copies and original of the aforementioned document by placing same in the U.S. Mail through the mailroom situated at the Stateville Correctional Center, proper postage affixed on June 19, 2007.

                        _____
                        David Carter, affiant

### AFFIRMATION

   I, **DAVID CARTER**, affirm under the penalty of perjury that the foregoing document is true and correct to the best of my knowledge and belief.

                        _____
                        David Carter, affiant

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED

JUN 2 5 2007
JUN 25, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES OF AMERICA )
ex rel. DAVID CARTER, )
 )
    Petitioner, )
 )
vs. ) No. 07 C 1758
 )
TERRY L. MCCANN, Warden, ) Honorable
 ) Harry D. Leinenweber,
    Respondent, ) Judge Presiding

## REQUEST TO RESCIND 28 U.S.C. §2241(d) COURT ORDERED TRANSFER OF CASE

Comes now petitioner, DAVID CARTER, pro se, and respectfully request this Honorable Court to issue an order to rescind this Court's order of April 20, 2007, transferring petitioner's case from the jurisdiction of this Court to the U.S. District Court in the Central District of Illinois pursuant to 28 U.S.C. §2241(d), depriving petitioner Carter "a prompt respond" to his habeas petition as required by the Habeas Corpus Rules, thus, creating a possible inordinate delay.

In support thereof, it is stated:

1. On or about March 23, 2007, petitioner Carter caused to be filed with the Clerk of the U.S. District Court for the Northern District of Illinois, his pro se PETITION FOR A WRIT OF HABEAS CORPUS, 28 U.S.C. §2254 in the above-captioned cause.

2. Pursuant to Rule 3 of the Rules Governing Section 2254 Cases, On April 12, 2007, the filing fee was paid. See Receipt of Payment, attached hereto and made part of for the purpose of verification, receipt #107 22256.

- 1 -

3. Petitioner Carter was initially charged and convicted in the Circuit Court of Cook County and incarcerated at the Pontiac Correctional Center in Pontiac, Illinois. During his detainment, petitioner Carter was charged by indictment in Livingston County for an offense that took place during his incarceration. Subsequently, a change of venue was granted, the case was transferred from Livingston County to McLean County in Bloomington, Illinois, which resulted in a guilty verdict in this instant case. Petitioner is seeking habeas relief in this matter.

4. Petitioner Carter remains detained (as expressed in his habeas petition) at the Stateville Correctional Center situated in Joliet, Illinois. Warden Terry L. McCann is the custodian in this matter.

5. On April 20, 2007, this Court pursuant to 28 U.S.C. §2241(d) ordered this action transferred to the U.S. District Court for the Central District of Illinois at Peoria for preliminary consideration under Rule 4 of the Rules Governoing Section 2254 Cases. See attached Order of 04-20-07.

6. Petitioner has diligently pursued review of his habeas claims and adhered to the Rules Governing Section 2254 Cases.

7. A substantial amount of time has expired since the filing of petitioner's pro se habeas petition. Any future attempt to contact the Clerk of the U.S. District Court for the Central District of Illinois would be futile, considering this Court's Order of April 20, 2007, has not been acknowledged.

8.  28 U.S.C. §2241(d) states the following:

> Where an application for a writ of habeas corpus is made by a person in cusody under the judgement and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of justice may transfer the application to the other district court for hearing and determination.

9.  Petitioner contends that 28 U.S.C. §2241 and <u>Braden v. 30th Judicial Circuit of Kentucky</u>, 410 U.S. 484, 93 S.Ct. 1123 (1973) was relied on by this Court to transfer his case to the U.S. District Court for the Central District of Illinois has created a situation preventing his <u>pro se</u> habeas petition from receiving "prompt" review as stipulated by the Statute, and causing an inordinate delay.

10. The State has not been ordered to file an Answer as required by Rule 5 of the Rules Governing Section 2254 Cases.

WHEREFORE, petitioner David Carter request this Honorable Court to consider the present status of his case and order that his case return to the jurisdiction of this Court.

Respectfully submitted,

*David Carter*
David Carter, petitioner
Register No. N-43429
Stateville Correctional Ctr.
Post Office Box 112
Joliet, Illinois 60434-01±2

- 3 -

A F F I R M A T I O N

I, DAVID CARTER, affirm under the penalty of perjury that the content of the foregoing document is true in substance and in fact.

David Carter, affiant

- 4 -

```
Thu Apr 12 15:07:32 2007

    UNITED STATES DISTRICT COURT

    CHICAGO        , IL

Receipt No.   107 22256
Cashier       liri

Tender Type   MONEY ORDER

M.O.  Number: 56440894895

Transaction Type   N

DO Code    Div No      Acct
  4624       1        086900

Amount            $      5.00

    NEW HABEAS CASE FILING FEE   07CV175
 8 DAVID CARTER   #N43429

    189875   4/12/07



    cn
```

- 5 -

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | HARRY D. LEINENWEBER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 07 C 1758 | DATE | 4/20/2007 |
| CASE TITLE | U.S. ex rel. David Carter (N-43429) v. Terry L. McCann, Warden | | |

**DOCKET ENTRY TEXT:**

The court orders this petition transferred to the United States District Court for the Central District of Illinois at Peoria for preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

This case is a petition for a writ of habeas corpus brought to challenge petitioner's conviction in Livingston County, Illinois. Livingston County lies within the federal judicial district for the Central District of Illinois. Under 28 U.S.C. § 2241(d), a state prisoner is authorized to file a petition for a writ of habeas corpus in either the federal judicial district of his confinement or the federal judicial district of his conviction. Generally, given the ready availability of court records and, if necessary, potential witnesses, the district in which the prisoner was convicted is considered the more convenient of the two. *See Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 493-94 (1973). Accordingly, finding the district of conviction a more desirable forum for this action, the court, pursuant to the discretion granted it under 28 U.S.C. § 2241(d), orders this action transferred to the United States District Court for the Central District of Illinois at Peoria for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases.

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

Page 1 of 1