# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| DAVID CARTER, ) | |
| ) | |
| Petitioner, ) | No. 07-1222 |
| ) | |
| v. ) | |
| ) | |
| TERRY L McCANN, ) | |
| ) | |
| Respondent. ) | |

## O R D E R

Before the Court is a Motion to Appoint Counsel [Doc. 6], a Motion to Reconsider [Doc. 12], a Motion for Leave to File Additional Pages [Doc. 5] and a Motion for Miscellaneous Relief [Doc. 17]. For the following reasons, the Motion to Appoint Counsel, the Motion to Reconsider, and the Motion for Leave are DENIED, and the two Motions for Miscellaneous Relief is MOOT.

Petitioner is before the Court on a request for habeas relief filed under 28 U.S.C. § 2254. He originally brought his lengthy Petition in the Northern District of Illinois and Judge Leinenweber transferred the matter to this district. Petitioner now asks this Court to appoint counsel, reconsider Judge Leinenweber's order, accept the Petition despite its length, serve Respondent with a copy of his Petition, and order Respondent to answer.

First, Petitioner is not entitled to appointed counsel. When resolving a request for appointed counsel, a district court must consider both the complexity of the case and the pro se plaintiff's ability to litigate it himself. Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007). In this case, Petitioner has filed a Petition that is sixteen pages long and an accompanying memorandum that is one hundred and seventeen pages long and complete with citations to the record and numerous citations to applicable law. In addition, Petitioner has filed an appendix

that includes over eighty pages of documents. While his arguments ramble on *ad nauseam*, they are still understandable. Furthermore, this does not appear to be a tremendously complicated case. Petitioner was involved with the murder of a prison guard and now argues mostly evidentiary issues on appeal. Accordingly, it appears that Petitioner is able to represent himself in this matter.

Petitioner also asks this to Court reconsider Judge Leinenweber's Order transferring this case from the Northern District of Illinois. A motion to reconsider does not technically exist under the Federal Rules of Civil Procedure. Nevertheless, this Court is to consider Petitioner's request as a motion for relief from an order filed under Rule 60(b). United States v. Deutsch, 981 F.2d 299, 300 (7th Cir. 1992) (noting that if a "motion for reconsideration" is not filed within 10 days of an order or judgment it should be considered under Rule 60(b)). Rule 60(b) relief is an extraordinary form of relief that should only be granted when there is a substantial danger that the underlying order was unjust. Margoles v. Johns, 798 F.2d 1069, 1073 (7th Cir. 1986) (citations omitted).

It is generally thought that the proper venue for a habeas petition under § 2254 is in the district where the petitioner was convicted. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 493-94 (1973). In this case, Petitioner was convicted of murdering an individual while incarcerated at Pontiac Correctional Center which is located within this District. Accordingly, venue is proper in this District and there is no basis for reconsidering Judge Leinenweber's ruling.

Petitioner has also filed a Motion for leave to file in which he asks this Court to not strike his Petition due to its length. Petitioner's has filled out the form for filing a habeas petition in federal court. This form alone appears to be only sixteen pages long. As a result, it complies with

Federal Rule of Civil Procedure 8(a) which only demands a "short plain statement of the claim" for relief.[1]  However, the factual and legal memorandum that follows the form is the source of this Court's ire.  The Local Rules limit memorandum in support of a motion to fifteen pages.  Local Rule 7.1(B)(4).  Likewise, courts have consistently applied local page limits to habeas memorandum.  See Taylor v. Jess, 06-C-0477, 2007 WL 41948 * 5 (E.D. Wis. 2007); Muller v. Angelone, 181 F.3d 557, 582 (4th Cir. 1999); Lovitt v. True, 330 F.Supp.2d 603, 646 (E.D. Va. 2004); Orbe v. True, 223 F.Supp.2d 749, 764-64 (E.D. Va. 2002).  Petitioner's memorandum addresses only eight issues but rambles on for one hundred and seventeen pages of lengthy quotes and sprawling policy arguments mixed in with his grounds for relief.  Petitioner has demonstrated an ability to write in an understandable fashion and this Court believes that Petitioner is more than capable of cutting his memorandum down to a sensible size.  Given the nature of the case, this Court will more than double the page limit and give Petitioner forty pages to present his argument.  Petitioner may attach an appendix complete with the evidentiary documentation, but any argument that rambles over this forty page limit will be stricken.  Petitioner shall file his memorandum within thirty days.

   Finally, Petitioner asks this Court to expedite ruling on his underlying Petition and serve process upon Respondent.  Once Petitioner has filed his memorandum within the proscribed page limit, this Court will order process served upon Respondent. Accordingly, Petitioner's Motion for Miscellaneous Relief is MOOT.

---

[1] Under Rule 11 of the Rules governing requests for habeas relief under § 2254, the Federal Rules of Civil Procedure apply to requests for habeas relief.

IT IS THEREFORE ORDERED that Petitioner's Motion to Appoint Counsel and Motion to Reconsider and Motion for Leave to File Additional Pages [Doc. 5, 6 & 12] are DENIED. Petitioner's Motions for Miscellaneous Relief [Doc. 17] is MOOT.

IT IS FURTHER ORDERED that the clerk shall strike the Petition for habeas relief. [Doc. 1.] Furthermore, the clerk shall file Petitioner's sixteen page completed form as his Amended Petition under 28 U.S.C. § 2254. Petitioner is granted leave to file an amended memorandum in support of his Petition within thirty days that is forty pages or less in length.

ENTERED this  14th   day of March, 2008.

s/Joe Billy McDade  
Joe Billy McDade  
United States District Judge