E-FILED
Friday, 14 March, 2008  04:32:20 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

United States of America ex rel.

DAVID CARTER  N-43429
(Full name and prison number)
(Include name under which convicted)

PETITIONER

vs.

TERRY L. MCCANN, Warden
(Warden, Superintendent, or authorized
person having custody of petitioner)

RESPONDENT, and

(Fill in the following blank only if judgment
attacked imposes a sentence to commence
in the future)

ATTORNEY GENERAL OF THE STATE OF

_____
(State where judgment entered)

RECEIVED
MAR 29 2007
03-29-07
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

07CV1758
JUDGE LEINENWEBER
MAG. JUDGE ASHMAN

Case Number of State Court Conviction:

87 CF 112

## PETITION FOR WRIT OF HABEAS CORPUS -- PERSON IN STATE CUSTODY

1. Name and location of court where conviction entered: Circuit Court of the Eleventh Judicial Circuit; Livingston County, Illinois

2. Date of judgment of conviction: March 31, 1992

3. Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known) 1 Ct. Solicitation/Murder; 2 Cts. Conspiracy to Commit First Degree Murder and 3 Cts. of First Degree Murder

4. Sentence(s) imposed: Life imprisonment without any possibility of parole

5. What was your plea? (Check one)   (A) Not guilty   (XX)
                                     (B) Guilty       ( )
                                     (C) Nolo contendere ( )

If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:

N/A

1

**PART I -- TRIAL AND DIRECT REVIEW**

1. Kind of trial: (Check one):   Jury (XX)     Judge only ( )
2. Did you testify at trial?   YES ( )     NO ( XX)
3. Did you appeal from the conviction or the sentence imposed? YES (XX)  NO ( )

    (A) If you appealed, give the  People v. Carter, No. 4-92-0298

        (1) Name of court:  Illinois Appellate Court, Fourth Judicial District

        (2) Result:  Affirmed conviction and vacated all but one murder conviction.

        (3) Date of ruling:  June 23, 1993   (Rule 23 Order)

        (4) Issues raised:  SEE ATTACHED PAGE - MARKED AS EXHIBIT A

    (B) If you did not appeal, explain briefly why not:  N/A

4. Did you appeal, or seek leave to appeal, to the highest state court?  YES (XX)   NO ( )

    (A) If yes, give the   People v. Carter, No. 75884

        (1) Result   Denied

        (2) Date of ruling:  October 6, 1993

        (3) Issues raised:  SEE ATTACHED PAGE - MARKED AS EXHIBIT B

    (B) If no, why not:  N/A

5. Did you petition the United States Supreme Court for a writ of *certiorari*?  Yes ( )  No (XX)

    If yes, give (A) date of petition:  N/A   (B) date *certiorari* was denied:  N/A

2

Part I -- TRIAL AND DIRECT REVIEW

3(A)(4)   ISSUES RAISED ON DIRECT APPEAL

1. The trial court abused it's discretion in denying admission of evidence that Ike Easley and Roosevelt Lucas, who stabbed Superintendent Robert Taylor, told a defense investigator that David Carter never gave them any orders or commands.

2. The prosecutor erred in eliciting hearsay testimony that guards had been threatened by Black Gangster Disciples and that the day before the murder, another guard was attacked by an inmate.

3. Evidence of gang activity which was preipheral to any motive for killing Supt. Taylor was irrelevant and highly prejudical to David Carter, serving only to inflame the jury against Carter because of his association with the Black Gangster Disciples.

4. The admission of evidence by the State that the defendant, as allegedly the Unit Cooridinator of the Cellhouse for UFO, the Security Division of the Black Gangster Disciples, had a violent character, denied the defendant a fair trial where his character was not at issue.

5. The defendant was denied effective representation by counsel, when counsel chose not to be present when the exhibits were shown to the jury. When photographs were passed among the jurors, one of the jurors expressed her disgust at photographs and indicated she did not want to view all of the photos. If counsel had been present, he would have voiced an objection to the procedure and challenged the juror's continued service on the panel.

6. The trial court improperly entered judgement of convicition on First Degree Murder as well as Conspiracy To Commit Murder and Solicitation To Commit Murder, because Illinois law prohibits convictions for the inchoate and the principal offense.

7. The trial court erred in denying the defendant's motion to suppress statements on the grounds that they were involuntary under the Fourteenth Amendment Due Process Clause and obtained in violation of Mr. Carter's Sixth Amendment right to counsel. The statements were obtained through the pretext used by informant Harry Martin that he had contacted an attorney for Mr. Carter and for all of the other individuals who were allegedly involved in the incident and would be helping insure that Carter had legal assistance.

EXHIBIT A

2A

PART I -- TRIAL AND DIRECT REVIEW

4(A)(3)  ISSUES RAISED IN THE STATE'S HIGHEST COURT

People v. Carter, No. 75884

1. The trial court erred in denying the defendant's motion to suppress statements on grounds that they were involuntary under the Fourteenth Amendment Due Process Clause and obtained in violation of Mr. Carter's Sixth Amendment right to counsel. The statements were obtained through the pretext used by informant Harry Martin that he had contacted an attorney for Mr. Carter and for all the other individuals who were allegedly in the incident and would be helping insure that Carter had legal assistance.

2. The Prosecutor erred in eliciting hearsay testimony that guards had been threatened by Black Gangster Disciples and that the day before the murder, another guard was attacked by an inmate.

3. Evidence of gang activity which was peripheral to any motive for killing Superintendent Taylor was irrelevant and highly prejudicial to David Carter, serving only to inflame the jury against Carter because of his association with the Black Gangster Disciples.

4. The admission of evidence by the State that the defendant, as allegedly the Unit Cooridinator of the Cellhouse for UFO, the Security Division of the Black Gangster Disciples, had a violent character, denied the defendant a fair trial where his character was not at issue.

EXHIBIT B

## PART II – COLLATERAL PROCEEDINGS

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?
   <u>People v. Carter</u>, No. 87 CF 112
   YES (X) NO ( )  State Post-Conviction Petition <u>combined</u> with Petition
   For Relief From Judgement, §2-1401, Code of Civil Procedure
   With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

   A. Name of court: Circuit Court of Livingston County, 11th Judicial Circuit

   B. Date of filing: August 10, 1998

   C. Issues raised: _____
      SEE ATTACHED PAGE - MARKED AS EXHIBIT C

   D. Did you receive an evidentiary hearing on your petition?   YES ( ) NO (X)

   E. What was the court's ruling? partial summary dismissed

   F. Date of court's ruling: April 23, 1999 and May 1, 2003

   G. Did you appeal from the ruling on your petition?   YES (X) NO ( )  No. 4-03-0402

   H. (a) If yes, (1) what was the result? Conviction and sentence affirmed

   (2) date of decision: December 9, 2005

   (b) If no, explain briefly why not: NOTICE: The post-conviction petition was denied in 1999. I <u>did</u> not pursue an appeal because I was under the impression that the entire petition w/2-1401 issues had to be ruled upon.

   I. Did you appeal, or seek leave to appeal this decision to the highest state court?

   YES (X) NO ( )  <u>People v. Carter</u>, No. 101983

   (a) If yes, (1) what was the result? denied

   (2) date of decision: March 29, 2006

   (b) If no, explain briefly why not: NOTICE: as mentioned above, I did not seek leave to appeal the post-conviction denial because I was under the impression that it was not necessary until my issues in the combined Relief From Judgement Petition was ruled upon, and an appeal would be initiated covering <u>both</u> petitions in their entirety Nor was I informed of my right to appeal the dismissal of my post-conviction petition.

3   (continue)

Part II - COLLATERAL PROCEEDINGS

Combined State Post-Conviction & Relief From Judgement Petition

Case No. 87 CF 112

1(C)   ISSUES RAISED:

1. IF, BY FRAUD, COLLUSION, TRICKERY & SUBORDINATION OF PERJURY ON THE PART OF THOSE REPRESENTING THE STATE, THE TRIAL OF AN ACCUSED PERSON RESULTS IN HIS CONVICTION, HE HAS BEEN DENIED DUE PROCESS OF LAW.

2. THE STATE PROSECUTOR'S REMARKS DURING CLOSING ARGUMENT CONSTITUTED IMPERMISSIBLE COMMENT OF PETITIONER'S FAILURE TO TESTIFY. APPELLATE COUNSEL'S FAILURE TO RAISE ISSUE OF FIFTH AMENDMENT VIOLATION ON DIRECT APPEAL CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL; AND THEREFORE FAILURE TO RAISE FIFTH AMENDMENT ISSUE IS EXCUSABLE UNDER CAUSE AND PREJUDICE TEST.

3. NEWLY DISCOVERED EVIDENCE REVEALS THAT THIS CONVICTION IS SECURED BY THE KNOWINGLY USE OF PERJURED TESTIMONY BY THE STATE AND THROUGH THE DELIBERATE SUPPRESSION OF EVIDENCE FAVORABLE TO THE PETITIONER.

4. NEWLY DISCOVERED EVIDENCE ESTABLISHES A SHOWING OF ACTUAL INNOCENCE.

1(E) & (F)

On April 23, 1999, the trial court filed an order denying motion to excuse late filing under the Post-Conviction Relief Act, granting motion to excuse late filing under Section 2-1401 Petition, granting the State leave to have the Court reconsider the finding of timeliness under 2-1401 upon submission of further evidentiary matters, and directing counsel to set cause for status hearing.

On April 29, 2003, the State filed a motion to dismiss the petition, asserting that defendant failed to show that Martin's testimony, even if false, probably controlled the determination of the jury.

3A                                        EXHIBIT C

Part II - COLLATERAL PROCEEDING (Continue)

1(E) & (F) (cont.)

    On May 1, 2003, a hearing was held on the State's motion to dismiss, which the trial court granted.

    On May 5, 2003, petitioner filed a timely Notice of Appeal stating that the nature of appeal was "dismissal of post-conviction petition and petition for relief from judgement."

(H)   Appeal to the Illinois Appellate Court, Fourth Judicial District in People v. David W. Carter, No. 4-03-0402

   Issues Raised:

    On June 9, 2005, petitioner's appellate counsel filed a motion to withdraw pursuant to Pennsylvania v. Finley, 481 U.S. 551, 107 S.Ct. 1990 (1987) stating that there was no issues worthy of appellate review.

    On June 10, 2005, the Appellate Court entered the following order:

> Gen. No. : 4-03-0402
>
> People v. Carter, David W.
>
> Motion to withdraw as counsel on appeal continued. Leave given appellant to file additional points and authorities on or before July 11, 2005. Which was extended to July 21, 2005.

    On July 18, 2005, petitioner filed his pro se Response to Appointed Counsel's Motion To Withdraw on Appeal, raising the following issues:

1.   Appointed Counsel's Motion To Withdraw On Appeal.

2.   THIS HONORABLE COURT SHOULD HEAR THE INSTANT APPEAL WHERE APPOINTED POST CONVICTION COUNSEL FAILED TO PROVIDE CARTER WITH A REASONABLE LEVEL OF ASSISTANCE IN THE TRIAL COURT AND FAILED TO COMPLY WITH SUPREME COURT RULE 651(C).

   (a)   APPOINTED COUNSEL'S FAILURE TO COMPLY WITH RULE 651(C) PREJUDICED CARTER.

3B      EXHIBIT C - cont.

Part II - COLLATERAL PROCEEDINGS (continue)

1(H)

    3. THIS HONORABLE COURT SHOULD DENY APPOINTED COUNSEL'S MOTION TO WITHDRAW, BECAUSE THE TRIAL COURT ERRED IN REFUSING TO PROVIDE CARTER AN EVIDENTIARY HEARING ON HIS CLAIM THAT THE STATE KNOWINGLY USED PERJURY IN ORDER TO OBTAIN AUTHORIZATION FOR THE WIRE TAP.

On July 18, 2005, the Appellate Court entered the following order:

> Gen. No. : 4-03-0402
>
> People v. Carter, David W.
>
> Appellant having responded to counsel's motion for leave to withdraw as his counsel pursuant to Pennsylvania v. Finley, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987), docketing schedule is re-established.
> See amended docket order.

On December 9, 2005, the Illinois Appellate Court, Fourth District issued a 13 page Rule 23 Order, granting the Office of the State Appellate Defender's withdrawal as counsel and affirmed the trial court's dismissal of petitioner's Section 2-1401 petition.

1(I)

On January 23, 2006, petitioner filed his pro se Petition For Leave To Appeal in the Illinois Supreme Court in People v. David W. Carter, No. 101983, raising the following issues:

    1. THE APPELLATE COURT ERRED WITH RESPECT TO DEFENDANT-APPELLANT'S 5TH, 6TH AND 14TH AMENDMENT VIOLATIONS WHEN IT DID NOT ADEQUATELY ANSWER THE IMPORTANT QUESTION ON APPEAL INVOLVING THE FALSE INJECTION OF COUNSEL CLAIM. MAY ANY INDIVIDUAL MASQUERADE AS BEING AN ATTORNEY FOR PURPOSES OF OBTAINING INCRIMINATING INFORMATION, AS IN PRETENDING TO BE AN ATTORNEY AND/OR ACTING ON BEHALF OF AN ATTORNEY?

EXHIBIT C  continued

Part II   COLLATERAL PROCEEDING (continued)

1(I)

    2. THE TRIAL COURT ERRED IN ITS RULING ADMITTING THE TAPED STATEMENT INTO EVIDENCE, BASED ON "THE CONSPIRACY BEING ON-GOING" AND THE APPELLATE COURT ERRED WHEN IT DID NOT ALLOW DEFENDANT-PETITIONER THE OPPORTUNITY TO SUPPLEMENT AND AMEND HIS PETITION TO INCLUDE SUCH CONSTITUTIONAL CLAIMS THAT WOULD HAVE EXONERATED DEFENDANT-APPELLANT, AND APPOINTED COUNSEL(S), CAREY J. LUCKMAN AND W. KEITH DAVIS FAILED TO CONSULT WITH THE DEFENDANT TO ASCERTAIN HIS CLAIMS OF CONSTITUTIONAL RIGHTS VIOLATED, AND MAKE THE PROPER SUPPLEMENTS AND AMENDMENTS TO HIS PRO SE PETITION THAT WERE NECESSARY FOR AN ADEQUATE PRESENTATION OF THE DEFENDANT'S CONTENTIONS.

    3. WHETHER THE TRIAL COURT ERRED AND EXCEEDED ITS AUTHORITY DURING THE INITIAL STAGE OF THE PROCEEDING UNDER THE ILLINOIS POST-CONVICTION HEARING ACT, BY PARTIAL DISMISSING DEFENDANT-APPELLANT'S POST-CONVICTION PETITION ON THE BASIS OF UNTIMELINESS AND WHETHER THE TRIAL COURT ERRED WHEN IT DID NOT INFORM THE DEFENDANT OF HIS RIGHT TO APPEAL THE TRIAL COURT'S DISMISSAL.

    4. WHETHER THE APPELLATE COURT ERRED WHEN IT REFUSED TO ISSUE AN ORDER REMANDING THE TRIAL COURT TO HOLD AN EVIDENTIARY HEARING ON DEFENDANT-APPELLANT'S CLAIM OF "ACTUAL INNOCENCE", WHICH IS COGNIZABLE UNDER THE POST-CONVICTION HEARING ACT.

    5. WHETHER THE TRIAL COURT ERRED IN REFUSING TO PROVIDE DEFENDANT-APPELLANT WITH AN EVIDENTIARY HEARING ON HIS CLAIM THAT THE STATE USED PERJURED TESTIMONY IN ORDER TO OBTAIN AUTHORIZATION FOR THE WIRE TAP.

EXHIBIT C continued

3D

Part II - COLLATERAL PROCEEDING   (continued)

1(I)

> 6. WHETHER THE TRIAL COURT ERRED IN DISMISSING DEFENDANT-APPELLANT'S PETITION DESPITE HIS CLEAR SHOWING OF A DUE PROCESS VIOLATION UNDER <u>BRADY</u>, AND BASED ITS DECISION UPON THE TAPED RECORDED STATEMENT ITSELF, WHICH THE COURT CHARACTERIZED AS "OVERWHELMING EVIDENCE OF GUILT."

1(I)(a) & (b)

On March 29, 2006, the Illinois Supreme Court of Illinois denied petitioner's Petition For Leave To Appeal in <u>People v. David W. Carter</u>, No. 101983

EXHIBIT C

2. With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?   YES ( )   NO (XX)

   A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

   1. Nature of proceeding       N/A
   2. Date petition filed        N/A
   3. Ruling on the petition     N/A
   3. Date of ruling             N/A
   4. If you appealed, what was the ruling on appeal?   N/A
   5. Date of ruling on appeal   N/A
   6. If there was a further appeal, what was the ruling?   N/A
   7. Date of ruling on appeal   N/A

3. With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in **federal court**?
   YES (XX   NO ( )

   A. If yes, give name of court, case title and case number: U.S. Dist. Ct., N.D. ILL. E.Div. U.S. Ex Rel. David W. Carter v. George DeTella, No. 97 C 2926

   B. Did the court rule on your petition? If so, state

   (1) Ruling: Habeas Petition stayed pending outcome of State collateral proceeding.
   (2) Date: On or about April 6, 1999. Judge Leinenweber, Presiding.

4. **WITH RESPECT TO THIS CONVICTION OR SENTENCE, ARE THERE LEGAL PROCEEDINGS PENDING IN ANY COURT, OTHER THAN THIS PETITION?**

YES ( )   NO (XX)

If yes, explain:   N/A

4

## PART III -- PETITIONER'S CLAIMS

1. State <u>briefly</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the <u>facts</u> supporting each ground. You may attach additional pages stating additional grounds and supporting facts. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

**BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

(A) Ground one  THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S MOTION
Supporting facts (tell your story <u>briefly</u> without citing cases or law):

TO SUPPRESS STATEMENTS ON THE GROUNDS THAT THEY WERE INVOLUNTARY

UNDER THE 14TH AMENDMENT DUE PROCESS CLAUSE AND OBTAINED IN

VIOLATION OF HIS 5TH AND 6TH AMENDMENT RIGHT TO COUNSEL. THE

STATEMENTS WERE OBTAINED THROUGH THE PRETEXT USED BY THE INFORMANT

HARRY MARTIN THAT HE HAD CONTACTED AN ATTORNEY FOR MR. CARTER AND

ALL THE OTHER INDIVIDUALS WHO WERE ALLEGEDLY IN THE INCIDENT AND

WOULD BE HELPING INSURE THAT CARTER HAD LEGAL ASSISTANCE.

[SEE MEMORANDUM IN SUPPORT]

(B) Ground two
Supporting facts:

THE PROSECUTOR ERRED IN ELICITING HEARSAY TESTIMONY THAT GUARDS

HAD BEEN THREATENED BY BLACK GANGSTER DISCIPLES AND THAT THE DAY

BEFORE THE MURDER, ANOTHER GUARD WAS ATTACKED BY AN INMATE.

[SEE MEMORANDUM IN SUPPORT]

5

(C) Ground three
Supporting facts:

EVIDENCE OF GANG ACTIVITY WHICH WAS PERIPHERAL TO ANY MOTIVE FOR KILLING SUPERINTENDENT TAYLOR WAS IRRELEVANT AND HIGHLY PREJUDICIAL TO DAVID CARTER, SERVING ONLY TO INFLAME THE JURY AGAINST CARTER BECAUSE OF HIS ASSOCIATION WITH THE BLACK GANGSTER DISCIPLES.

[SEE MEMORANDUM IN SUPPORT]

(D) Ground four
Supporting facts:

THE ADMISSION OF EVIDENCE BY THE STATE THAT THE DEFENDANT, WAS ALLEGEDLY THE UNIT COORIDINATOR OF THE CELLHOUSE FOR UFO, THE SECURITY DIVISION OF THE BLACK GANGSTER DISCIPLES, HAD A VIOLENT CHARACTER, DENIED THE DEFENDANT A FAIR TRIAL WHERE HIS CHARACTER WAS NOT AT ISSUE.

[SEE MEMORANDUM IN SUPPORT]

[CONTINUE ON NEXT PAGE]

2. Have all grounds raised in this petition been presented to the highest court having jurisdiction?
   YES (X)   NO ( )

3. If you answered "NO" to question (16), state briefly what grounds were not so presented and why not:

N/A

(e) Ground Five:

THE STATE TRIAL COURT IN ITS RULING ADMITTING THE TAPED STATEMENT INTO EVIDENCE, BASED ON "THE CONSPIRACY BEING ON-GOING" AND THE APPELLATE COURT ERRED WHEN IT DID NOT ALLOW DEFENDANT-PETITIONER THE OPPORTUNITY TO SUPPLEMENT AND AMEND HIS PETITION TO INCLUDE SUCH CONSTITUTIONAL CLAIMS THAT WOULD HAVE EXONERATED DEFENDANT-PETITIONER; AND APPOINTED COUNSELS, CAREY J. LUCKMAN AND W. KEITH DAVIS FAILED TO CONSULT WITH PETITIONER TO ASCERTAIN HIS CLAIMS OF CONSTITUTIONAL RIGHTS VIOLATIONS, AND MAKE THE PROPER SUPPLEMENTS AND AMENDMENTS TO HIS PRO SE PETITION THAT WERE NECESSARY FOR AN ADEQUATE PRESENTATION OF PETITIONER'S CONTENTION'S.

[SEE MEMORANDUM IN SUPPORT]

(f) Ground Six:

WHETHER THE STATE TRIAL COURT ERRED IN EXCEEDING ITS AUTHORITY DURING THE INITIAL STAGE OF THE PROCEEDINGS UNDER THE ILLINOIS POST-CONVICTION HEARING ACT, BY PARTIALLY DISMISSING PETITIONER CARTER'S POST-CONVICTION PETITION ON THE BASIS OF UNTIMILINESS. THUS, FAILING TO INFORM PETITIONER OF HIS RIGHT TO APPEAL THE TRIAL COURT'S DISMISSAL WAS ERROR.

[SEE MEMORANDUM IN SUPPORT]

(g) Ground Seven:

WHETHER THE STATE TRIAL COURT ERRED IN REFUSING TO PROVIDE PETITIONER CARTER WITH AN EVIDENTAIRY HEARING ON HIS CLAIM OF THE STATE'S KNOWING USE OF PERJURED TESTIMONY.

[SEE MEMORANDUM IN SUPPORT]

(h) Ground Eight:

WHETHER THE STATE APPELLATE COURT ERRED WHEN IT REFUSED TO PROVIDE PETITIONER CARTER WITH AN EVIDENTIARY HEARING ON HIS CLAIM OF "ACTUAL INNOCENCE" WHICH IS COGNIZABLE UNDER THE POST-CONVICTION ACT.

[SEE MEMORANDUM IN SUPPORT]

6A

* (i) Ground Nine:

    WHETHER THE STATE TRIAL COURT ERRED IN DISMISSING PETITIONER CARTER'S PETITION DESPITE HIS CLEAR SHOWING OF A DUE PROCESS VIOLATION UNDER <u>BRADY</u>, AND BASED IT'S DECISION UPON THE TAPED RECORDED STATEMENT ITSELF, WHICH THE COURT CHARACTERIZED AS "OVERWHELMING EVIDENCE OF GUILT".

    [SEE MEMORANDUM IN SUPPORT]

## PART IV -- REPRESENTATION
DIRECT APPEAL AND STATE POST-CONVICTION & SECTION 2-1401 RELIEF FROM JUDGEMENT PETITION

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A) At preliminary hearing _____

(B) At arraignment and plea _____

(C) At trial _____

(D) At sentencing _____

(E) On appeal    Karen Munoz, Asst. Defender, Office of State App. Def. 4th Dis
                                                                    Keith Davis

(F) In any post-conviction proceeding    David Ahlemeyer, Carey Luckman, Paul Lawrence

(G) Other (state):    Appeal from dismissal of Post-Conviction Petition & 2-1401 Petition: Daniel Yuhas, Deputy Defender, 4th Dist.

## PART V -- FUTURE SENTENCE

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES ( )    NO (XX)

Name and location of the court which imposed the sentence: ____N/A____

Date and length of sentence to be served in the future ____N/A____

WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: __3-21-07__
            (Date)

_____
Signature of attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct.

_David Carton_
(Signature of petitioner)
N43429
(I.D. Number)
Stateville Correctional Center
(Address)
Post Office Box 112
Joliet, Illinois 60434-0112

REVISED 01/01/2001

7