E-FILED
Tuesday, 13 May, 2008  04:22:59 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| DAVID CARTER, | ) |
| Petitioner, | ) No. 07-1222 |
| v. | ) |
| TERRY L. McCANN, | ) |
| Respondent. | ) |

## OPINION AND ORDER

Before the Court is a Motion to Reconsider Appointment of Counsel [Doc. 23]. For the following reasons the Motions are DENIED.

Petitioner is before the Court on an underlying Petition for habeas relief filed under 28 U.S.C. § 2254. His Petition was originally filed in the Northern District of Illinois, but was transferred to this Court. This Court then noted that the Petition was approximately one-hundred and seventy pages and appeared to contain many superfluous arguments. Petitioner has now filed an Amended Petition and an accompanying Memorandum that is an appropriate length. He has now asked this Court to reconsider appointing counsel.

First, this Court notes that the Northern District of Illinois never ruled on Petitioner's original request for appointed counsel. As a result, Petitioner's request is not barred by the typical hurdles that are placed in front of a "motion to reconsider." Instead, this Court will simply address his request as if it were an original request for appointed counsel.

Civil litigants are not entitled to a court appointed attorney. Johnson v. Doughty, 433 F.3d 1001, 1006 (7th Cir. 2006). However, the Court may request an attorney to represent an indigent litigant. 28 U.S.C. §1915(e)(1). Prior to such a request, the litigant must show that he made a reasonable attempt to acquire counsel without Court intervention. Jackson v. County of McLean, 953 F.2d 1070, 1073 (7th Cir. 1992). After a litigant has made such an attempt, the Court considers whether "given the difficulty of the case, d[oes] the plaintiff appear to be competent to try it himself, and, if not, would the presence of counsel [] [make] a different in the outcome?" Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993).

In addition to the foregoing, the Court may appoint counsel in this 28 U.S.C. § 2241 petition if discovery is required and must appoint counsel if an evidentiary hearing is set. See Rules Governing Section 2254 Cases in the United States District Courts 1(b), 6 and 8. And finally, counsel may be appointed if "the court determines that the interest of justice so require." 18 U.S.C. § 3006A.

In the case at bar, Petitioner attached several letters from counsel showing that he has made reasonable attempts to obtain pro bono representation. Petitioner further argues that due to his underlying crime - Petitioner was convicted of murdering a prison guard - he is unable to obtain assistance from fellow inmates and requires appointed counsel to adequately present his arguments to this Court.

However, a review of Petitioner's Amended Memorandum in support of his Petition reveals that Petitioner is well versed in the facts of this case and the law surrounding it. His arguments comprehensibly state his basis for relief. In particular, Petitioner demonstrated that he was able to comply with this Court's

Order directing him to parse down the superfluous arguments in his original Petition. Accordingly, Petitioner appears able to handle this case on his own and it does not appear that appointed counsel would make a difference in the ultimate outcome of this case.

Finally, pursuant to Rule 4 of the Rules Governing § 2254 Proceedings for the United States District Courts, the Court has considered the grounds set forth in the Petition and has decided that there could be merit to some of those grounds. Therefore, the Court orders Respondent to file an answer or responsive pleading within sixty (60) days after service of this Order. Respondent should address any facts which would establish whether Petitioner's claims are untimely or procedurally defaulted. In addition, Respondent should address the merits of Petitioner's constitutional claims and otherwise fully comply with Rule 5.

IT IS THEREFORE ORDERED that the Clerk shall serve a copy of Petitioner's Amended § 2254 Habeas Petition [Doc. 19] and his Amended Memorandum by certified mail upon Respondent, along with this Order. Respondent shall file an answer or responsive pleading to the § 2254 Petition within sixty (60) days after service of this Order. Petitioner shall serve upon the Respondent a copy of every further pleading or other document submitted for consideration by the Court.

IT IS ALSO ORDERED that Motion to Appoint Counsel [Doc. 6] and Motion to Reconsider Appointment of Counsel [Doc. 23] are DENIED at this time.

ENTERED this  13th  day of May, 2008.    s/Joe Billy McDade
                                                                   Joe Billy McDade
                                                                   United States District Judge

3