E-FILED
Tuesday, 02 September, 2008 03:00:46 PM
Clerk, U.S. District Court, ILCD

FILED
SEP - 2 2008
CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| DAVID CARTER, | ) | |
| PETITIONER, | ) | |
| | ) | |
| V. | ) | NO. 07-1222 |
| | ) | |
| TERRY L. McCANN, | ) | HONORABLE |
| RESPONDENT, | ) | JOE BILLY McDADE, PRESIDING JUDGE |

### PETITIONER'S RESPONSE TO RESPONDENT'S MOTION TO DISMISS §2254 PETITION AS TIME BARRED

Now comes the Petitioner David Carter, Pro-Se in the above entitled cause, respectfully requesting this Honorable Court to deny the Respondents MOTION TO DISMISS §2254 PETITION AS TIME-BARRED. In support of the request the Petitioner states the following:

1. On April 23, 1997, the Petitioner properly filed a Federal Habeas Corpus Petition in the United States Northern District of Illinois, before the Honorable Harry D. Leinenweber, No. 97-CV-02926.

2. After receiving New Evidence concerning Petitioner's conviction. The Petitioner moved the Honorable Harry D. Leinenweber to STAY his Pending Federal Habeas Corpus Petition so that he could return to State Court to have this New Evidence addressed by the Circuit Court of Livingston County. The STAY was properly filed on April 1, 1999. The Honorable Harry D.

(1)

Leinenweber on April 28, 1999, granted the Petitioner's request to have his Petition STAYED so that he could return to the Circuit court of Livingston County, Pending the Resolution of his Petition for Post-Conviction Relief.

3. The Respondent states that on May 26, 1999 A Motion to Dismiss Petitioner's Petition for Failure to Exhaust was filed. However, the Petitioner was never served with a copy of this Motion. (SEE EXHIBIT "A" LETTER FROM STATEVILLE CORRECTIONAL CENTER STATING THAT THE PETITIONER RECEIVED NO INCOMING LEGAL MAIL BETWEEN MARCH 1, 1999 AND DECEMBER 1, 1999.) This was a clear violation of the Petitioner's Due Process Rights. Also, the Petitioner states for the record that he has continually resided at the Stateville Correctional Center from February 23, 1988 till the present day. (SEE EXHIBIT "B"). Lastly the Petitioner wishes to inform this Honorable Court that it was the practice of the Stateville Correctional Center to LOG ALL INCOMING LEGAL MAIL FOR EACH INMATE ON A LEGAL CARD. It was not until August 15, 2006 that the practice of a LEGAL MAIL LOG was terminated. (SEE EXHIBIT "C" WARDEN'S BULLETIN 2006-61).

4. On October 29, 1999, the Honorable Harry D. Leinenweber, granted the Respondent's Motion To Dismiss Petitioner's Petition because he had not exhausted his State Court Remedies. The pertinent part of this ORDER is as follows [" **THE PETITION IS DISMISSED WITHOUT PREJUDICE. PETITIONER MAY REFILE HIS PETITION AFTER ALL STATE COURT REMEDIES ARE EXHAUSTED**".]

(2)

5.  The Petitioner agrees with the Respondent's assertion that there is a one year time limit to file a Federal Habeas Corpus Petition as stated in the (AEDPA). However, the Petitioner further contends that the Respondent is in error when it states that the Petitioner is now Time-Barred. On March 29, 2006 the Illinois Supreme Court denied the Petitioner's P.L.A. (PEOPLE V. CARTER, No. 101983). On March 21, 2007 the Petitioner properly Re-filed his petition for Habeas Corpus Relief, it was assigned Case No. 07-C-1758. On 8-21-2007 this Petition was transferred to this Honorable Court and was assigned Case No. 07-1222. The Petitioner is clearly within the one year time limit granted to him by the (AEDPA) to file his Petition. For the Respondent to now claim that the Honorable Harry D. Leinenweber committed some type of error by granting the Petitioner permission to return and re-file his Petition at the conclusion of his state court actions is in fact an error on their part. First the Petitioner contends that the Honorable Harry D. Leinenweber committed no such error. Moreover, if the Respondent believed such an error had in fact been committed, the proper venue for such a claim was in 1999 before the Honorable Harry D. Leinenweber, or the 7th Circuit Court of Appeals. Neither of these avenues were taken by the Respondent, thus it is the contention of the Petitioner that the Respondent is in fact TIME-BARRED from raising such a claim. Furthermore, the Honorable Harry D. Leinenweber in no way eviscerated the (AEDPA) one year statute of limitations as the Respondent claims, but rather held up the true meaning of the statute by allowing the Petitioner to return and re-file his Petition at the conclusion of his State Actions. The Petitioner

(3)

did just as he was instructed to do by the Honorable Harry D. Leinenweber and properly re-filed his Petition within one year of the denial of his P.L.A. to the Illinois Supreme Court. At the time of the Honorable Harry D. Leinenweber's Ruling on October 29, 1999, he did not impose a time limit for which the Petitioner would be under to return, and the Respondent did not object or appeal the RULING/ORDER. Therefore, the one year statutory limit as set out in the (AEDPA) for the filing of Habeas Corpus Petitions at the conclusion of State Actions should not be disturbed. Clay V. United States, 537 U.S. 522, 155 L.Ed.2d 88, 123 S.Ct. 1072 (2003). The Respondent's Motion To Dismiss should be denied and the Petitioner should be allowed to proceed without further delay.

6.    It is the Petitioner's contention that the Respondent is in error in his reliance upon Arrieta V. Battaglia, 461 F.3d 861, 864-67 (7th Cir. 2006). In Arrieta the Court held that due to Petitioner's PRO SE MOTION to have his Habeas Corpus Petition Dismissed he committed a fatal flaw, and was not entitled to the filing of a Federal Habeas Corpus Petition because he had exceeded the one year Statute of Limitation as set out by the (AEDPA). At no time did the Petitioner Motion for a Dismissal in the case at bar. The Motion to Dismiss was made by the Respondent. Therefore, Arrieta does not apply in this matter. Furthermore, since Arrieta clearly does not apply to this matter, the RULING/ORDER entered by the Honorable Harry D. Leinenweber on October 29, 1999, granting Petitioner permission to return to Federal Court

and re-file his Habeas Corpus Petition should not be disturbed, and Petitioner should be allowed to proceed without any further delay.

## CONCLUSION

WHEREFORE, the Petitioner prays that this Honorable Court will deny Respondent's Motion To Dismiss §2254 Petition as Time-Barred, and allow the Petitioner to proceed without any further delay. Furthermore, Petitioner request that this Honrable Court enter an ORDER compelling the Respondent to comply with this Honorable Courts Minute Order of 5-13-2008 in where this Honorable Court ordered the following, " Respondent should address the merits of Petitioner's Constitutional Claims and otherwise fully comply with Rule 5. "

Respectfully Submitted:

*David Carter*

David Carter
Reg. No. N-43429
P.O. Box 112
Joliet, Illinois
60434-0112

(5)

## AFFIRMATION

I, David Carter, Due Affirm under Penalties of Perjury that the foregoing document is True and Correct in Substance and Fact to the best of my knowledge and belief.

*David Carter*

David Carter, Affiant



**Illinois
Department of
Corrections**

Rod R. Blagojevich
Governor

Roger E. Walker Jr.
Director

Stateville Correctional Center / Rt. 53 / P.O. Box 112 / Joliet, IL 60434 / Telephone: (815) 727-3607 / TDD: (800) 526-0844

To:     N43425  David Carter

From:   David Mansfield
        Correctional Counselor II

Date:   August 22, 2008

The Mailroom has no record of any incoming legal mail received for you between the dates of March 1, 1999 and December 1, 1999.

" EXHIBIT A "



**Illinois Department of Corrections**

Rod R. Blagojevich
Governor

Roger E. Walker Jr.
Director

Stateville Correctional Center / Rt. 53 / P.O. Box 112 / Joliet, IL 60434 / Telephone: (815) 727-3607 / TDD: (800) 526-0844

To: N43429 David Carter

From: David Mansfield,
Correctional Counselor II

Date: August 19, 2008

Your request for a copy of your incoming legal mail card for the dates of March 1, 1999 through November 30, 1999 was given to the Mailroom on August 15, 2008.

Our records show that you have been incarcerated at Stateville since February 23, 1988. You were incarcerated at Pontiac from October 30, 1984 through February 23, 1988. Your date of admission to IDOC was October 19, 1984 at Joliet Correctional Center.

" EXHIBIT B "

## WARDEN'S BULLETIN #2006-61

August 1, 2006

TO:   ALL OFFENDERS

RE:   **MAIL ROOM PROCEDURES – LEGAL MAIL**

Effective August 15, 2006, the Mail Room staff will no longer, log incoming offender legal mail on a legal card or in a legal log. Incoming legal mail will be received and written up on a legal transfer slip, IL 426 9289, DCA 16174. The transfer slip (IL 426 9289, DCA 16174) will be delivered to all offenders. Offenders upon receipt of the legal mail will sign the transfer slip as receiving legal mail and given a copy of the signed slip along with their legal mail. Offenders are required to keep their copy of the transfer slip as proof legal mail was received.

The Mail Room staff will continue to track all outgoing legal mail. Outgoing legal mail when received will be logged in a legal log. The log will show date, name on mail, such as Public Defender, Atty. Smith and Smith etc., and destination of mail, city and state. Offenders may request copies of the original legal log. Requested copies of this log will be subjected to copy charges:

   .25¢ per copy for the first five copies, and
   .10¢ for each additional copy over five copies

*Battaglia*
Dee L. Battaglia, Warden
Stateville Correctional Center

Offenders
Bulletin
SCC/NRC/MSU
District 1

" EXHIBIT C "

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

DAVID CARTER, )
)
    PETITIONER, )
)
) NO. 07-1222
)
V. )
)
TERRY L. McCANN, ) HONORABLE
) JOE BILLY McDADE,
    RESPONDENT, ) PRESIDING JUDGE.

## NOTICE OF FILING

To: THE CLERK               DALE M. PARK
    U.S. DISTRICT COURT     ASSISTANT ATTORNEY GENERAL
CENTRAL DISTRICT OF ILLINOIS  100 W. RANDOLPH ST. 12th Floor
FEDERAL BUILDING, ROOM 309   CHICAGO, ILLINOIS 60601-3218
100 N.E. MONROE
PEORIA, ILLINOIS 61602

    Please take notice that on AUGUST 28, 2008, I have caused to be filed One (1) Original and Four (4) copies of the following: PRO-SE PETITIONER'S RESPONSE TO RESPONDENT'S MOTION TO DISMISS §2254 PETITION AS TIME-BARRED. I have also served a copy on Dale M. Park Assistant Attorney general, at the above address. I am requesting that one (1) copy be File Stamped and returned to me.

                                                  Respectfully Submitted.

                                                  */s/ David Carter*
                                                  David Carter
                                                  Reg. No. N-43429
                                                  P.O. Box 112
                                                  Joliet, Illinois 60434-0112

## CERTIFICATE OF SERVICE

    I, David Carter, hereby certify that I have caused the above mentioned documents to be placed in the U.S. Mail System at the Stateville Correctional Center, according to proper Rules for outgoing mail to the Court.

                                                  */s/ David Carter*
                                                  David Carter Affiant