UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DAVID CARTER,           )<br>                               )<br>       Petitioner,          )<br>                               )       No. 07-cv-1222<br> v.                           )<br>                               )<br> TERRY L. MCCANN,    )<br>                               )<br>       Respondent.        ) | |

## O P I N I O N  &  O R D E R

Before the Court is an Amended Petition for the Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254 (Doc. 19), filed by Petitioner David Carter.  On August 6, 2008, Carter filed a Motion to Supplement his Amended Petition with an additional affidavit (Doc. 32).  Shortly thereafter, on August 11, 2008, Respondent Terry McCann filed a Motion to Dismiss the Amended Petition as time-barred (Doc. 33).  On September 2, 2008, Carter filed a response (Doc. 35) to the Motion to Dismiss.  The Motion to Supplement is unopposed.  For the reasons stated below, the Motion to Supplement is GRANTED, and the Motion to Dismiss is GRANTED.

### BACKGROUND

In November 1991, Petitioner Carter was convicted in the Circuit Court of Livingston County, Illinois of first degree murder, conspiracy to commit murder, and solicitation to commit murder.  Carter received a sentence of imprisonment for a term of natural life on the first degree murder count.  The Illinois Appellate Court, Fourth District affirmed Carter's first degree murder conviction and

sentence, but vacated his conspiracy and solicitation convictions. On direct appeal, Carter filed a Petition for Leave to Appeal (PLA) to the Illinois Supreme Court, raising various issues. The Illinois Supreme Court denied the PLA on October 6, 1993, ending Carter's direct appeal. (Ex. C to Mtn. to Dismiss).

On April 23, 1997, Carter filed a petition for the writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in the United States District Court for the Northern District of Illinois ("4/23/97 Petition"). (Ex. I to Mtn. to Dismiss). The 4/23/97 Petition was assigned to District Judge Harry D. Leinenweber under Case Number 97-cv-02926. The respondent in that case filed an answer on January 30, 1998. On March 12, 1999, Judge Leinenweber found the 4/23/97 Petition to be timely. (Ex. I at Doc. 35).

Meanwhile, on August 10, 1998 -- while his 4/23/97 Petition was pending in federal court -- Carter filed, in the Circuit Court of Livingston County, a combined petition for (i) post-conviction relief (pursuant to 725 Ill. Comp. Stat. 5/122-1) and (ii) relief from judgment (pursuant to 735 Ill. Comp. Stat. 5/2-1401). (Ex. D to Mtn. to Dismiss). On April 23, 1999, the Livingston County Court dismissed the post-conviction portion of Carter's petition as untimely. (Ex. E to Mtn to Dismiss). The section 2-1401 portion was subsequently dismissed on the merits. (See Ex. F to Mtn. to Dismiss). Carter appealed the state trial court's rulings on the combined petition. (See Ex. F to Mtn. to Dismiss).

On April 28, 1999, in the federal habeas action, Judge Leinenweber agreed to stay the case on a motion by Carter, "pending the resolution of his petition for post-

conviction relief in Livingston County . . . ." (Ex. I at Doc. 38). On May 26, 1999, while the federal habeas action was still stayed, the respondent in that action filed a motion to dismiss the 4/23/97 Petition. (Ex. I at Doc. 41). Carter did not respond to the motion to dismiss, and on October 29, 1999, Judge Leinenweber granted the motion. Judge Leinenweber's Minute Order on that date read as follows:

> MINUTE ORDER of 10/29/99 by Hon. Harry D. Leinenweber : Respondent's motion to dismiss petitioner's petition for writ of habeas corpus is granted [41-1]. Petitioner has not exhausted his state court remedies because he has pending state court post-conviction relief actions. The petition is dismissed without prejudice. Petitioner may refile his petition after all state court remedies are exhausted. Terminating case. Mailed notice (ar) Modified on 11/01/1999 (Entered: 11/01/1999)

(Ex. I at Doc. 43). The Clerk of the Northern District of Illinois entered a corresponding judgment, dated October 29, 1999. (Ex. J to Mtn. to Dismiss). There were no further entries on the docket for Case Number 97-cv-02926 in the Northern District.

On December 9, 2005, the Illinois Appellate Court, Fourth District, affirmed the state trial court's dismissal of Carter's combined state post-conviction/section 2-1401 petition. (Ex. F to Mtn. to Dismiss). Carter appealed that decision, filing a PLA to the Illinois Supreme Court. The Illinois Supreme Court denied the PLA on March 29, 2006. (Ex. H to Mtn. to Dismiss).

After letting nearly a year pass after exhausting the state post-conviction mechanism, on March 21, 2007, Carter submitted a new petition under 28 U.S.C. § 2254 to the United States District Court for the Northern District of Illinois

3

("3/21/07 Petition").[1] The 3/21/07 Petition was again assigned to Judge Leinenweber, but the case was assigned a new case number: 07-cv-01758. The 3/21/07 Petition indicated that Carter had previously filed a federal habeas petition in the Northern District of Illinois; it listed the case number of the 4/23/97 Petition ("97 C 2926") and indicated that the earlier petition was assigned to Judge Leinenweber. In addition, the 3/21/07 Petition suggested that Carter was under the impression that proceedings in Case Number 97-cv-02926 were still stayed.[2] (Doc. 1 at p. 4). Specifically, Carter indicated that the earlier case was still under a stay Order issued in April 1999.

On April 20, 2007, Judge Leinenweber ordered Carter's 3/21/07 Petition transferred here, to the United States District Court for the Central District of Illinois at Peoria, for purposes of convenience -- Carter was convicted within this

---

[1] Although the petition was docketed on March 29, 2007, Respondent correctly admits that under the "mailbox rule," a pro se petition for the writ of habeas corpus is deemed filed on the date that it is given to the proper prison authorities for mailing. Jones v. Bertrand, 171 F.3d 499, 502 (7th Cir. 1999). In this case, the filing date was March 21, 2007, as Petitioner Carter has attested to mailing his petition on that date. (Doc. 1).

[2] In his Response to the Motion to Dismiss in the instant case, Petitioner Carter claims that he was never served with a copy of the respondent's May 26, 1999 motion to dismiss in the initial federal habeas proceeding, Case Number 97-cv-02926. (Pet.'s Resp. at p. 2). To substantiate this allegation, Carter has attached letters from an administrator at the Stateville Correctional Center indicating that Carter received no incoming legal mail between the dates of March 1, 1999 and December 1, 1999. (Exs. A & B to Pet.'s Resp.). Carter has also attached an internal prison memo indicating that it was Stateville's policy to log all incoming offender mail during the relevant time-period. (Ex. C to Pet.'s Resp.). This matter will be discussed later in the Opinion.

4

judicial district.  (See Doc. 12 at p. 6).  Due to clerical error, the 3/21/07 Petition was not properly transferred to the Central District until August 21, 2007.  (Doc. 15).

Upon receiving the case, this Court entered an Order on March 14, 2008 which disposed of various pending motions, one of which was a motion made by Carter for reconsideration of Judge Leinenweber's transfer Order.[3]  This Court denied the motion to reconsider, noting that the transfer was appropriate under Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 493-94 (1973).  (Doc. 18).  The March 14, 2008 Order also struck a portion of Carter's lengthy Petition and directed the Clerk to file the remaining portion as an Amended Petition.  The Amended Petition (Doc. 19) is currently before the Court.  On May 2, 2008, Carter filed an Amended Memorandum in support of the Amended Petition.  (Doc. 22).  On May 13, 2008, this Court denied Petitioner Carter's request for appointed counsel and ordered Respondent to answer the Amended Petition.  (Doc. 25).  On August 6, 2008, Carter filed a motion to supplement his Amended Petition with an additional affidavit.

On August 11, 2008, Respondent filed a Motion to Dismiss the Amended Petition as time-barred under the applicable statute of limitation.  (Doc. 33).  On August 21, 2008, Petitioner Carter submitted a letter to this Court, claiming that he did not receive the exhibits attached to Respondent's Motion to Dismiss.  Despite his allegation of missing exhibits, on September 2, 2008, Carter submitted a response in opposition to the Motion to Dismiss.  (Doc. 35).  In response to Carter's

---

[3] Carter's motion to reconsider was based solely on the argument that proceedings were not moving along as quickly as he would have liked.  (See Doc. 12).

5

August 21, 2008 letter and out of an abundance of caution, this Court, on September 18, 2008, ordered Respondent to serve upon Petitioner Carter the exhibits attached to the Motion to Dismiss. In addition, the Court allowed Carter an addition fifteen days after receiving the exhibits to supplement his Response to the Motion to Dismiss. (TEXT ORDER of 9/18/2008). On November 19, 2008, Respondent submitted a filing which certified that, on October 7, 2008, Carter was served by certified mail with the exhibits to the Motion to Dismiss. (Doc. 38). Carter did not supplement his Response after receiving the exhibits. The Motion to Dismiss is now before the Court.

## LEGAL STANDARD

A federal district court may grant a petition for habeas relief under 28 U.S.C. § 2254 where the petitioner is "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A one-year period of limitation applies to the filing of a habeas petition by a person in state custody. 28 U.S.C. § 2244(d)(1). Generally, the period of limitation will run from the date on which the judgment of conviction in state court became final by the conclusion of direct review or upon the expiration of time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). The limitation period is tolled during the pendency of a properly filed application for state post-conviction review. 28 U.S.C. § 2244(d)(2).

## ANALYSIS

As a preliminary matter, Petitioner Carter's August 6, 2008 Motion to Supplement is GRANTED. The motion attaches an affidavit which, according to Carter, corroborates a claim that has already been set forth in this action. As is explained later in this Opinion, the motion does not affect the Court's decision as to the timeliness of Carter's section 2254 petition.

### Timeliness of the March 21, 2007 Petition

Because Carter did not petition the United States Supreme Court for a writ of certiorari on direct appeal, his conviction became final ninety days after the Illinois Supreme Court denied his PLA on direct appeal. Balsewicz v. Kingston, 425 F.3d 1029, 1032 (7th Cir. 2005). Accordingly, Carter's conviction became final, for purposes of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), on January 4, 1994. This is undisputed.

In Lindh v. Murphy, 96 F.3d 856, 866 (7th Cir. 1996), rev'd on other grounds, 521 U.S. 320 (1997), our Court of Appeals held that state prisoners whose convictions became final before the effective date of the AEDPA were allowed a one-year grace period -- starting on April 24, 1996 -- to timely file their section 2254 petitions. Therefore, Carter was allowed until April 24, 1997 to timely petition for federal habeas relief under 28 U.SC. § 2254. See Newell v. Hanks, 283 F.3d 827, 833 (7th Cir. 2002) (confirming that the grace period expired on April 24, 1997). It is clear that the 3/21/07 Petition, which initiated the instant proceedings, was filed

7

after the grace period's expiration.  Therefore, unless the limitation period was somehow tolled, the 3/21/07 Petition is untimely.

The one-year limitation period is tolled during the pendency of a properly filed application for state post-conviction review.  28 U.S.C. § 2244(d)(2).  But this tolling provision does not help Carter because he did not initiate state post-conviction proceedings until August 10, 1998, at which time his grace period for filing a federal section 2254 petition had already expired.  Cf. Teas v. Endicott, 494 F.3d 580, 582-83 (7th Cir. 2007) (analogous procedural scenario).  Further, federal law makes clear that the section 2254 habeas proceedings in Case 97-cv-02926 (which were initiated by the 4/23/97 Petition in the Northern District of Illinois) did not toll the limitation/grace period.  See Duncan v. Walker, 533 U.S. 167, 180-82 (2001) (the pendency of a federal habeas action that is dismissed without prejudice has no tolling effect on the limitation period set forth in 28 U.S.C. § 2244(d)).

There are complications, however.  As Carter points out, Judge Leinenweber's Order dismissing the 4/23/97 Petition read as follows:

> MINUTE ORDER of 10/29/99 by Hon. Harry D. Leinenweber : Respondent's motion to dismiss petitioner's petition for writ of habeas corpus is granted [41-1]. Petitioner has not exhausted his state court remedies because he has pending state court post-conviction relief actions. The petition is dismissed without prejudice. Petitioner may refile his petition after all state court remedies are exhausted. Terminating case. Mailed notice (ar) Modified on 11/01/1999 (Entered: 11/01/1999)

8

(Ex. I at Doc. 43).⁴  The key sentence in this Minute Order, according to Carter, is "Petitioner may refile his petition after all state court remedies are exhausted." Carter essentially asks this Court to interpret that sentence as a mandate allowing him to return to federal court, to pursue his section 2254 petition, at any convenient date after his exhaustion of the state post-conviction mechanism.  This Court does not believe that Seventh Circuit Court of Appeals or the United States Supreme Court would interpret Judge Leinenweber's October 29, 1999 Order so liberally.  Cf. Rhines v. Weber, 544 U.S. 269, 278 (2005) (suggesting that it is inappropriate for a district court to stay a mixed habeas petition without setting a deadline by which the petitioner must return to federal court); Baltimore & Ohio Chicago Terminal R.R. Co. v. Wisconsin Cent. Ltd., 154 F.3d 404, 407-08 (7th Cir. 1998) (dismissals with leave to reinstate are treated identically to stays).⁵  Assuming that the October 29, 1999 Order did grant Carter leave to "refile or reactivate" his 4/23/97 Petition, it is this Court's interpretation that Carter was required to return to federal court within a reasonable time after exhausting Illinois' post-conviction mechanism.  This he failed to do.

---

⁴ Neither party has indicated that there was any more substance to Judge Leinenweber's October 29, 1999 Order than the text appearing on the docket sheet for Case Number 97-cv-02926.  Respondent has offered that docket sheet as an exhibit to the Motion to Dismiss.  A review of the files pertaining to the instant case, transferred to this Court in August 2007, did not reveal anything that would supplement the October 29, 1999 Minute Order.

⁵ In Rhines, the Supreme Court suggested thirty (30) days as a rule-of-thumb in establishing a reasonable time-period in which a habeas petitioner may return to federal court after exhausting attempts at state post-conviction relief.  544 U.S. at 278.

Carter satisfied the state exhaustion requirement by presenting his state post-conviction petition to the Illinois Supreme Court. See Arrieta v. Battaglia, 461 F.3d 861, 863 (7th Cir. 2006) (citing O'Sullivan v. Boerckel, 526 U.S. 838 (1999)). The Illinois Supreme Court denied his post-conviction PLA on March 29, 2006. (Ex. H to Mtn. to Dismiss). Carter did not attempt a return to federal court until March 21, 2007 -- nearly a year after he could have. Carter fails to explain why he did not return to federal court to pursue his section 2254 petition in the days, weeks, and months immediately following the exhaustion of his attempt at state post-conviction relief on March 29, 2006. By waiting an unreasonable amount of time to return to federal court, Carter abused any grant of leave to refile that Judge Leinenweber may have issued. Carter, therefore, acted outside the scope of Judge Leinenweber's October 29, 1999 Order. Through his own inaction and delay, Carter caused his section 2254 petition to become time-barred at some date well before March 21, 2007.[6]

---

[6] To the extent Carter alleges a constitutional violation based on a "newly discovered" affidavit (Pet.'s Am. Mem. at pp. 13-15), this claim is also time-barred. The record establishes that Carter received this affidavit on or about September 15, 1997 (Ex. E to Mtn. to Dismiss at p. 2), at which time he was, or reasonably should have been, aware of any claim based on the affidavit. See 28 U.S.C. § 2244(d)(1)(D). Assuming a one-year limitation period, as to that specific claim, began to run on or about September 15, 1997, a period of nearly eleven months ran from that date until August 10, 1998 when Carter filed his post-conviction petition in the state trial court. See Pace v. DiGuglielmo, 544 U.S. 408, 416 n.6 (2005) (claim based on new factual predicate is severable for purposes of determining limitation under 28 U.S.C. § 2244(d)(1)(D)). Then, a period of nearly twelve months ran from March 29, 2006 (when the Illinois Supreme Court denied Carter's post-conviction PLA) until the filing of Carter's second federal habeas petition on March 21, 2007.

The final twist in this case is Carter's submission of evidence tending to support his allegation that he never received notice of the motion to dismiss the 4/23/97 Petition in the initial federal habeas action.[7] By advancing this allegation, Carter may be attempting to assert that he should benefit from equitable tolling of the section 2244(d)(1) limitation period. Equitable tolling is available only in extraordinary circumstances in which the petitioner has pursued his rights with reasonable diligence. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Arrieta, 461 F.3d at 863. Carter's allegation, if accurate, is cause for concern. Nevertheless, it does not warrant equitable tolling of the limitation period here, in light of Carter's own failure to diligently (promptly) pursue his initial federal section 2254 habeas petition after exhausting state remedies. There is nothing before this Court suggesting that notice of the motion to dismiss in the initial federal action would have caused Carter to expedite his return to federal court after exhausting state remedies. In terms of equitable concerns, whether Carter believed that the initial federal action was stayed or dismissed with leave to reinstate is not a crucial issue. Under either scenario, Carter should have reactivated or refiled his federal petition promptly after the Illinois Supreme Court denied his post-conviction PLA on March 29, 2006.[8] As held above, Carter failed to act accordingly, causing

---

[7] While Carter specifically alleges that he was not properly served with a copy of the motion to dismiss the 4/23/97 Petition, he makes no similar allegation of being without notice of Judge Leinenweber's October 29, 1999 Order. In fact, Carter bases his Response to the Motion to Dismiss in the present case on the precise text of the October 29, 1999 Order.

[8] Carter does not specifically dispute that he had notice of Judge Leinenweber's April 28, 1999 Order staying the initial federal habeas proceedings "pending the

11

his section 2254 petition to become time-barred. This Court does not believe that Carter was in any way prejudiced by events in the initial federal habeas action that were initiated by the respondent's motion to dismiss the 4/23/97 Petition. Carter's instant section 2254 petition is untimely.

## Additional Matters

This Court has no record of receiving the applicable $5 filing fee from Petitioner Carter. However, there is evidence that Carter either paid or attempted to pay the filing fee during proceedings in the Northern District of Illinois before the case was transferred to this district. If Carter did fail to pay the filing fee, this failure will be excused due to the apparent administrative complications surrounding the transfer of venue in this instance. This excusal is based solely on efficiency concerns; it is not a grant of in forma pauperis status.

As was indicated earlier in this Opinion, on August 6, 2008, Carter submitted a Motion to Supplement his Amended Petition with an affidavit that he allegedly received on August 1, 2008. According to Carter, the affidavit corroborates his claim of actual innocence. Carter does not contend that the affidavit is newly discovered evidence on which the factual predicate of his actual innocence claim depends. See 28 U.S.C. § 2244(d)(1)(D). Therefore, although Carter is allowed to submit the affidavit for purposes of supplementing the record, the Court's ruling on the instant Motion to Dismiss is unaffected.

---

resolution of his petition for post-conviction relief in Livingston County." (Ex. I at Doc. 38). In fact, the 3/21/07 Petition clearly indicates Carter's awareness that his previous federal habeas petition was -- in his own words -- "stayed pending outcome of State collateral proceeding." (Doc. 1 at p. 4).

## CONCLUSION

For the reasons stated above, the Motion to Supplement (Doc. 32) is GRANTED and the Motion to Dismiss (Doc. 33) is GRANTED.  The Clerk is directed to strike the Illinois Attorney General as a named respondent in this case.

CASE TERMINATED.

ENTERED this <u>12th</u> day of March, 2009.

<u>s/ Joe B. McDade</u><br>
JOE BILLY MCDADE<br>
United States District Judge